GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625
    Attorney for Defendants State of New Jersey, New Jersey Department of Environmental Protection, State Agriculture Development Committee, Delaware and Raritan Canal Commission

By:  Mark Collier (MC6192)
     Deputy Attorney General
     (609) 292-6945
     mark.collier@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PENNEAST PIPELINE COMPANY, LLC, | : | HONORABLE BRIAN R. MARTINOTTI |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | See Exhibit A attached hereto |
| | : | BRM-DEA |
| v. | : | |
| | : | |
| A PERMANENT EASEMENT FOR 1.74 ACRES ± AND TEMPORARY EASEMENT FOR 2.24 ACRES ± IN HOPEWELL TOWNSHIP, MERCER COUNTY, NEW JERSEY, TAX PARCEL NO. 1106-92-2.011 | : | |
| | : | |
| RENZE WEN, JERSEY CENTRAL POWER & LIGHT COMPANY, STATE OF NEW JERSEY, BY THE SECRETARY OF THE DEPARTMENT OF AGRICULTURE, STATE AGRICULTURE DEVELOPMENT COMMITTEE, THE TOWNSHIP OF HOPEWELL, FIRST CHOICE BANK; | : | |

1

AND ALL UNKNOWN OWNERS,                :
                                       :
                    Defendants.        :
                                       :

## CERTIFICATION OF DIANE DOW

Diane Dow, of full age, does hereby certify as follows:

1. I am the Director of the Division of Land Use Regulation, New Jersey Department of Environmental Protection ("NJDEP"). I have held this position for 2 years, 8 months. I have served with NJDEP in various capacities regulating and protecting freshwater wetlands for over twenty-five years.

2. New Jersey has assumed jurisdiction of Sections 401 (Water Quality Certifications) and 404 (freshwater wetlands) of the federal Clean Water Act. 33 U.S.C. §1341, 1344; N.J.S.A. 13:9B-27.

3. As part of my responsibilities, I have been assigned to review the anticipated PennEast Pipeline Company, LLC ("PennEast") environmental land use permit applications. PennEast's proposed pipeline will require, at a minimum, an individual permit pursuant to the Freshwater Wetlands Protection Act, N.J.S.A. 13:9A-1, et seq. and its accompanying regulations at N.J.A.C. 7:7A-1, et seq., which incorporate whether the Project will qualify for a Water

Quality Certificate. On April 6, 2017, PennEast submitted an initial application for a Freshwater Wetlands individual permit.

4. On April 26, 2017, NJDEP determined PennEast's permit application was incomplete and so notified PennEast via correspondence. A true and accurate copy of NJDEP's April 26, 2017 letter to PennEast is attached hereto as Exhibit B. A revised deficiency letter was sent on April 28, 2017, noting that two of the missing items from the April 26, 2017 letter had been included in the application.

5. On June 28, 2017, having not received all of the missing information from PennEast, NJDEP administratively closed the application.

6. On February 1, 2018, having still not received the additional information from PennEast, NJDEP denied the permit application without prejudice. A true and accurate copy of the February 1, 2018 denial letter from NJDEP to PennEast is attached hereto as Exhibit C.

7. As of this date, PennEast has not submitted to NJDEP a new complete permit application.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
Diane Dow

Dated: March 20, 2018

EXHIBIT A

**Dkt. No.**     **Case Name**

18-01684 PennEast Pipeline Company, LLC vs. 1.74 acres
18-01774 PennEast Pipeline Company, LLC vs. 0.26 acres
18-01603 PennEast Pipeline Company, LLC vs. 2.14 acres
18-01771 PennEast Pipeline Company, LLC vs. 0.88 acres
18-01699 PennEast Pipeline Company, LLC vs. 1.41 acres
18-01709 PennEast Pipeline Company, LLC vs. 2.35 acres
18-01670 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01682 PennEast Pipeline Company, LLC vs. 0.01 acres
18-01638 PennEast Pipeline Company, LLC vs. 0.57 acres
18-01701 PennEast Pipeline Company, LLC vs. 1.06 acres
18-01689 PennEast Pipeline Company, LLC vs. 1.53 acres
18-01754 PennEast Pipeline Company, LLC vs. 1.86 acres
18-01756 PennEast Pipeline Company, LLC vs. 0.73 acres
18-01668 PennEast Pipeline Company, LLC vs. 0.03 acres
18-01743 PennEast Pipeline Company, LLC vs. 1.20 acres
18-01669 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01778 PennEast Pipeline Company, LLC vs. 2.23 acres
18-01643 PennEast Pipeline Company, LLC vs. 2.11 acres
18-01721 PennEast Pipeline Company, LLC vs. 1.89 acres
18-01597 PennEast Pipeline Company, LLC vs. 1.92 acres
18-01672 PennEast Pipeline Company, LLC vs. 4.55 acres
18-01673 PennEast Pipeline Company, LLC vs. 1.93 acres

## EXHIBIT B

 

# State of New Jersey
# Department of Environmental Protection
# Division of Land Use Regulation

**Applicant:** PennEast Pipeline Company  
**Address:** One Meridian Blvd. Suite 2c01  
Wyomissing, PA 19610

**Date:** 4/26/17

**NJDEP File Number:** 0000-17-0007.2 FWW170001  
**Applicant:** PennEast Pipeline Company  
**Date Received:** 4/6/17

**Dear Applicant:** The Department is in receipt of your application for a freshwater wetlands individual permit. Upon review of this application package, the Department has determined that all necessary information required to adequately review the application has not been submitted. The information necessary for an administratively complete application is required by N.J.A.C. 7:7A and is summarized by the application checklist for an individual freshwater wetlands permit (last updated February 2015). The application is deficient as noted below.

Please address the deficiencies and submit the requested information within 30 days from the date of this letter so that the Department may commence processing this application. If the requested information is not provided within 60 calendar days from the date of this letter, the Department may administratively close the application. If you have any questions, please contact the Department at (609) 777-0454. The application needs to be completed so that the Department can review the submission, accurately determine if the application meets the rules, and issue the permitting decision.

**Postal Mailing Address:**  
NJDEP Division of Land Use Regulation  
Mail Code 501-02A  
P.O. Box 420  
Trenton, NJ 08625

**Street Address (For courier service and hand deliveries only):**  
NJDEP Division of Land Use Regulation  
501 East State Street, Station Plaza Five, 2nd Floor  
Trenton, NJ 08609

**Please make sure the requested information is submitted to the attention of: Patricia Cluelow, Supervisor ASU**

1. In accordance with N.J.A.C. 7:7A-10.1(d), an application shall be submitted by the owner of the site which is the subject of the application or by a person who has legal authority to perform the activities proposed in the application on the site, and to carry out all requirements of N.J.A.C. 7:7A et seq.

   Furthermore, per N.J.A.C. 7:7A-10.2(b), the application form submitted with the application package shall meet the requirements found within the Freshwater Wetlands Protection Act at N.J.A.C. 7:7A-10.9, specifically:

   A permit application shall be signed by the person or persons specified below:

   i. For a corporation, by a principal executive officer of at least the level of vice president;
   ii. For a partnership or sole proprietorship, by a general partner or the proprietor, respectively;
   iii. For a municipality, state, Federal or other public entity, by either a principal executive officer or ranking elected official; or
   iv. For an entity not covered at (a) 1 through 3 above, all individual owners of record.

   Section "B" (Property Owner's Certification) of the standard application form was signed by Michael Mara, a representative of PennEast Pipeline Company, as the owner/easement holder. The Department is uncertain whether Mr. Mara is a vice president or general partner with adequate authority to sign the application.

   More importantly, the applicant crossed-out the standard certification and consent to access language and inserted explanatory language stating, in part, that "PennEast hereby certifies that it owns and/or has legal authority over a portion of the right-of-way upon which the proposed work is to be done". The language goes on further to explain that there is an application pending with the Federal Energy Regulatory Commission (FERC) for a Certificate of Public Convenience and Necessity which, upon receipt, will give

the applicant legal authority over the remainder of the right-of-way for the proposed project. Accordingly, the applicant does not yet have the authority to condemn the pipeline easement and accompanying access points.

Based on the information included in Section B of the application form, it is clear the applicant does not yet have legal authority to perform the activities proposed in the application on the site, and to carry out all requirements of N.J.A.C. 7:7A et seq. as required by N.J.A.C. 7:7A-10.1(d) for the full length of the project right-of-way. **Therefore, before this application can be deemed "administratively complete", the applicant needs to submit a revised standard application form which bears the owners' signatures as required pursuant to N.J.A.C. 7:7A-10.2(b) for all the property owners in question.** In lieu of the signatures of the individual owners of record, the applicant may substitute the approved Certificate of Public Convenience and Necessity from FERC that would give the applicant the required legal authority to sign as the anticipated property owner/easement holder.

Even though the FERC certificate would be a milestone that will allow PennEast to sign the application form, as noted above, the application will remain administratively incomplete until the then-current owners provide written consent to access their properties, as the Department will still lack the authority to inspect the subject properties. N.J.A.C. 7:7A-10.2(b)2. The Department needs to inspect the subject properties and adjoining regulated lands in order to verify the accuracy of the wetlands delineation, transition areas, threatened and endangered species habitat, archaeological resources, and best practices to cross particular streams. The lack of accurate resource information would also preclude neighbors and the public from commenting on an accurate submission.

2. In accordance with N.J.A.C. 7:7A-10.6(a) and as itemized in the application checklist, an application for an individual freshwater wetlands permit shall contain a copy of the deed and/or other relevant documents pertaining to the site, showing property boundaries, ownership, easements, restrictions, previous approvals by any local, federal, interstate or state agency, and any other information relating to the site that will assist the Department in assessing compliance with the Freshwater Wetlands Protection Act rules, N.J.A.C. 7:7A. This information ensures that all required neighboring property owners received notice of the application and that the project does not interfere with existing utility easements. Additionally, easement holders over the project may also hold property interests and be entitled to notice.

   This requirement was not addressed in the application submittal. **Therefore, before this application can be deemed administratively complete, the applicant needs to submit the information required to demonstrate compliance with N.J.A.C. 7:7A-10.6(a).**

3. In accordance with N.J.A.C. 7:7A-10.2(b)6, an application package for a freshwater wetlands permit shall include documentation that the applicable requirements at N.J.A.C. 7:7A-10.8, Public notice requirement for applications, have been met in order for the application to be considered administratively complete.

   In accordance with N.J.A.C. 7:7A-10.8 and as summarized in the application checklist for an individual freshwater wetlands permit (item #3), various options are outlined for notification based on the proposed project's type, size and/or scope, as well as the requirements for providing proof demonstrating that the notice requirements have been met.

   Upon review of the application package submitted, it appears that the applicant has chosen to notify all owners of land that are located within 200 feet of the proposed disturbance (Option #2 under item 3(B)) and has submitted certified mail receipts as evidence. However, as stated on the checklist, if this option is chosen, the applicant is required to submit a tax map(s) with the location of the proposed disturbance outlined with an area extending 200 feet on all sides of the proposed disturbance outlined so that the Department may verify that all the property owners were noticed. This tax map representation was not submitted. **Therefore, before this application can be deemed administratively complete, the applicant needs to submit the tax map(s) showing the limits of the proposed disturbance with the 200-foot distance outlined accordingly.**

   Also, the application checklist for an individual freshwater wetlands permit (item #3(C)) requires that the applicant submit proof that the newspaper notice for an individual freshwater wetlands permit, as required at N.J.A.C. 7:7A-10.8(i)1., is provided. Although the cover letter included with the application states that the proof of newspaper notice could be found in "Attachment D", this proof was not provided in the application package. **Therefore, before this application can be deemed administratively complete,**

the applicant needs to submit a copy of the advertisement, or a copy of an affidavit from the newspaper stating that the advertisement was published.

*Note: If a project site is located in more than one municipality or county, the notice requirements above must be met for each municipality and/or county in which the site is located.*

4. In accordance with N.J.A.C. 7:7A-10.6(a)2 and as outlined in Item 7 of the checklist for a freshwater wetlands individual permit, an individual freshwater wetlands permit application shall require a line delineation Letter of Interpretation (LOI) issued under N.J.A.C. 7:7A-3.3 (for properties that are one acre or smaller) or verification LOI issued under N.J.A.C. 7:7A-3.4. If no LOI has been issued for the site, the individual permit application shall include all information required for an application for a line delineation LOI or line verification LOI as applicable. The wetlands line shall be shown and labeled on the site plan submitted.

   The complete length of the proposed project alignment does not currently have a valid LOI. The applicant has submitted information for a total of four (4) parcels along the proposed alignment that have valid LOIs and of the four, one of the LOIs is only a presence/absence determination, which is not acceptable per N.J.A.C. 7:7A-10.6(a)2. Upon review of the submitted information, the Department has determined that the applicant has not yet submitted all the information required for a verification type LOI as outlined on the applicable checklist and at N.J.A.C. 7:7A-10.3(d), or a line delineation type LOI per N.J.A.C. 7:7A-3.3. Please note that it does not appear that the wetlands line was field verified and instead is only an approximation of the extent of the wetlands in the alignment.

   **Therefore, in order for the Department to conduct a reasonable and accurate review of the wetlands/transition area impacts and deem this application administratively complete, the applicant needs to submit the following for the length of the proposed pipeline alignment:**

   i. **A proposed delineation of all freshwater wetlands, transition areas, and State open waters on the site, or portion thereof, which is the subject of the application. The delineation shall be clearly marked in the field as required by the application checklist.**
      a. **When delineating a State open water one to five feet in width measured from top of bank, with no wetland boundary, the delineation shall indicate the centerline of the State open water with several data points numbered and shown on the plans. When delineating a State open water that is greater than five feet in width, the delineation shall include two survey lines, with numbered points, depicting the top of bank on both sides of the State open water;**
   ii. **Soil borings and/or other physical indicators of the presence or absence of freshwater wetlands, transition areas, and/or State open waters;**
   iii. **Delineation report information including data sheets and/or other materials that explain and support the delineation for all wetlands within proposed ROW and 150' from each side of ROW;**
   iv. **The total area, in acres, of wetlands and State open waters on the site before the regulated activity is performed, and the total area, in acres, of wetlands and State open waters, on the site that will remain after the regulated activity is performed. Please note that the measurement of these areas shall be quantified and not estimated as submitted; and**
   v. **Ten folded copies of a site plan or subdivision map, signed by a licensed surveyor and, where appropriate, a licensed engineer which shows a complete delineation of the wetlands boundary in accordance with the requirements of LOI line verification.**

5. As required at N.J.A.C. 7:7A-10.2 (b)4 and (b)5 and per item 8 on the checklist for an individual freshwater wetlands permit, ten (10) copies of a detailed project description are required in order for the Division of Land Use Regulation and other divisions/programs within the Department to thoroughly review the proposed project. Only one copy of this report (labeled as Volume #2) was provided in the initial application submittal.

   **Therefore, before this application can be deemed administratively complete, the applicant needs to submit nine (9) additional copies of the detailed project description labeled as "Volume 2".**

6. In accordance with N.J.A.C. 7:7A-12.2(l), all wetland permit applications for proposed projects that may affect properties which are listed, or are eligible for listing, on the New Jersey or National Register of

Historic Places shall require, with the wetlands permit application, the submittal of a Phase IA historical and archaeological survey, and an architectural survey, defined at N.J.A.C. 7:7A-1.4. In addition, per item #26 of the checklist for administrative completeness for an individual freshwater wetlands permit, any project reflecting any of the characteristics at N.J.A.C. 7:7A-12.2(l) shall be deemed to present a high probability of the presence of historic and archaeological resources, requiring assessment, and shall require, with the wetlands permit application, the submittal of a Phase IA historical and archaeological survey, and an architectural survey, defined at N.J.A.C. 7:7A-1.4.

"Attachment Z" of the submitted individual freshwater wetlands permit application contains a "Phase I Archaeological Survey Report" for the proposed project, however, per the abstract contained in this report, the survey "was limited to portions of the study corridor where landowners had granted survey permission", and therefore the "Archaeological survey has only been completed along approximately 14 miles of the proposed centerline in New Jersey". The overall length of the proposed pipeline project within the State of New Jersey is in excess of thirty-seven (37) miles. Thus, the submitted "Phase I Archaeological Survey Report" only provides information for approximately thirty-five percent (35%) of the entire project alignment.

**Therefore, before the Department can deem this application administratively complete, the applicant also needs to submit an amended "Phase I Archaeological Survey Report" which investigates the entire proposed alignment for the PennEast Pipeline Project occurring within the State of New Jersey.**

Should you have any questions or comments, please contact me at (609) 777-0454, Patricia.cluelow@dep.nj.gov or the above address.

**Administrative Pre-reviewer:** /for/ Patricia Cluelow     **Signature:** *Madhu Aver, PE*
                                                                            *Assistant Director.*

EXHIBIT C



## State of New Jersey
Department of Environmental Protection
P.O. Box 402
Trenton, New Jersey 08625

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

CATHERINE R. McCABE
*Acting Commissioner*

February 1, 2018

Michael Mara
One Meridian Blvd.
Suite 2C01
Wyomissing, PA 19610

RE: Freshwater Wetlands Individual Permit Application
DLUR File #0000-17-0007.2 FWW170001
PennEast Pipeline Project – Statewide

Dear Mr. Mara:

On April 6, 2017, PennEast Pipeline Company submitted a freshwater wetlands individual permit application (the "Application") to the New Jersey Department of Environmental Protection ("NJDEP" or the "Department") for consideration. Upon review of the application the Department determined that significant and necessary information to determine compliance with the freshwater wetlands rules was missing from the Application as set forth in the NJDEP's April 26, 2017, letter which is incorporated herein by reference.

On June 28, 2017, the NJDEP determined to administratively close the Application because adequate information had still not been submitted to complete the proposed application. To date, PennEast has not submitted any further documentation or a complete Application.

Accordingly, the NJDEP hereby denies without prejudice the Application. As a result, no application for a freshwater wetlands individual permit is currently pending in any form before the Department. PennEast may resubmit a new complete application when it has all of the required information as identified in the NJDEP's letter dated April 26, 2017, whereupon the Department will review

the merits of the application if it is administratively complete.

Sincerely,

Virginia Kop'Kash, Assistant Commissioner
Land Use Management

cc. Pete J. Fontaine, Esq.
    Diane Dow, Director, Division of Land Regulation
    Ruth Foster, Director, Office of Permit Coordination