GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625
    Attorney for Defendants State of New Jersey, New Jersey Department of Environmental Protection, State Agriculture Development Committee, Delaware and Raritan Canal Commission
By:  Mark Collier (MC6192)
    Deputy Attorney General
    (609) 292-6945
    mark.collier@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNEAST PIPELINE COMPANY, LLC, | HONORABLE BRIAN R. MARTINOTTI |
| Plaintiff, | Civil Action No.: |
| v. | See Exhibit A attached hereto |
| A PERMANENT EASEMENT FOR 1.74 ACRES ± AND TEMPORARY EASEMENT FOR 2.24 ACRES ± IN HOPEWELL TOWNSHIP, MERCER COUNTY, NEW JERSEY, TAX PARCEL NO. 1106-92-2.011 | BRM-DEA |
| RENZE WEN, JERSEY CENTRAL POWER & LIGHT COMPANY, STATE OF NEW JERSEY, BY THE SECRETARY OF THE DEPARTMENT OF AGRICULTURE, STATE AGRICULTURE DEVELOPMENT COMMITTEE, THE TOWNSHIP OF HOPEWELL, FIRST CHOICE BANK; AND ALL UNKNOWN OWNERS, | |

Defendants.              :
_____ :

## CERTIFICATION OF SUSAN E. PAYNE

Susan E. Payne, of full age, does hereby certify as follows:

1. I am the Executive Director of the State Agriculture Development Committee ("SADC"). I have held this position since 2005.

2. The SADC is charged by the New Jersey Legislature pursuant to the Agriculture Retention and Development Act ("ARDA"), N.J.S.A. 4:1C-11 et seq., with implementing the State Farmland Preservation Program, which was created in 1983 to preserve New Jersey's dwindling farmland within identified areas where agriculture is presumed to be the first priority use of the land.

3. Under New Jersey's Constitution, State tax dollars are set aside specifically for open space and farmland preservation programs on an annual basis. N.J. Const. art. VIII, § 22, ¶ 6 & 7.

4. In 1998, New Jersey voters approved a Constitutional Amendment that created New Jersey's first stable source of funding for open space, farmland, and historic preservation efforts, from a portion of the State

Sales and Use Tax. N.J. Const. art. VIII, § 22, ¶ 7. This Constitutionally-dedicated money is set aside annually:

> to provide funding, including loans or grants, for the acquisition and development of lands for recreation and conservation purposes, for the preservation of farmland for agricultural or horticultural use and production, and for historic preservation. Ibid.

5. In 2014, New Jersey voters again chose to amend the Constitution to provide an additional source of open space and farmland preservation, this time from a portion of the State's Corporate Business Tax. N.J. Const. art. VIII, § 22, ¶ 6. This Constitutionally dedicated money is set aside annually:

> only for: providing funding, including loans or grants, for the preservation, including acquisition, development, and stewardship, of lands for recreation and conservation purposes, including lands that protect water supplies and lands that have incurred flood or storm damage or are likely to do so, or that may buffer or protect other properties from flood or storm damage; providing funding, including loans or grants, for the preservation and stewardship of land for agricultural or horticultural use and production; Id.

6. As of December 2017, the SADC has helped to preserve over 2,500 farms consisting of more than 225,000 acres of farmland in New Jersey at a cost of over $1 billion. These properties were acquired either on behalf

of the State, or the State partnered with local governments or nonprofits.

7. When lands are acquired by a local government or nonprofit with Farmland Preservation Program funds, those lands are available to be used solely for agricultural purposes in perpetuity. All SADC-funded lands held by a local government or a nonprofit must be subject to a Farmland Preservation Program Deed of Easement. The standard terms of the Deed of Easement are codified at N.J.A.C. 2:76-6.15.

8. I am familiar with the pipeline project proposed by plaintiff, PennEast Pipeline Company, LLC ("PennEast"). The proposed PennEast pipeline route runs through many properties in New Jersey that the State, a local government, or a non-profit conservation group has preserved in perpetuity as farmland using funds from SADC.

9. Based on the Amended Order to Show Cause dated February 15, 2018, which is returnable on April 5, 2018, a State-entity is listed as a defendant and "interest holder" in 22 condemnation actions. Based on my review of the Verified Complaints in these actions, I have determined that the twelve properties listed in ¶ 11 below are subject to recorded Deeds of Easement under which the property owner transferred the development rights to the property to

either the SADC or Hunterdon County and agreed to retain the property in agricultural use and production, in accordance with the Agriculture Retention and Development Act ("ARDA"), N.J.S.A. 4:1C-11 et seq. in which the SADC has either directly acquired the development rights to the property or contributed a cost share grant to the County to acquire the development rights. In cases where the County holds the development rights to the property, the SADC provided cost share grants to the County to acquire these rights, and has the right to enforce the terms of the Deeds of Easement. In total, the twelve properties with Deeds of Easement for agricultural preservation consist of over **990 acres** of land which were preserved with SADC funding of $4,643,698.

10. SADC has not received copies of any appraisals of these ten properties, nor has PennEast offered to acquire the SADC's property rights in these properties.

11. Deeds of Easement that were required to be recorded for SADC funding exist on the following ten properties:

    (a) **Block 92, Lot 2.011 in Hopewell Township (Case Docket No. 18-01684).** The SADC acquired the development rights to this 92 acre property for $570,891, under an assignment of Deed of Easement, State of New Jersey, Agriculture Retention and Development Program, from Hopewell Township.

(b) **Block 15, Lot 3 in Holland Township** (Case Docket No. 18-01709). The development rights to this 198 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $259,902 to Hunterdon County to acquire the development rights to this property.

(c) **Block 20, Lot 9 in Holland Township** (Case Docket No. 18-01670). The development rights to this 58 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $210,724.82 to Hunterdon County to acquire the development rights to this property.

(d) **Block 62, Lot 4 in Delaware Township** (Case Docket No. 18-01701). The SADC acquired the development rights to this 77 acre property from the property owner for $557,532, under a of Deed of Easement, State of New Jersey, Agriculture Retention and Development Program, from Hopewell Township.

(e) **Block 22, Lots 29 & 47 in Holland Township** (Case Docket No. 18-01689). The SADC acquired the development rights to this 86 acre property from the property owner for $302,834, under a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program.

(f) **Block 61, Lot 5.01 in Hopewell Township** (Case Docket No. 18-01754). The SADC acquired the development rights to this 100 acre property from the property owner for $1,028,825, under a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program.

(g) **Block 18, Lot 47 in Alexandria Township** (Case Docket No. 18-01668). The development rights to this 18 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid

$84,979.13 to Hunterdon County to acquire the development rights to this property.

(h) **Block 3, Lot 16 in West Amwell Township (Case Docket No. 18-01743).** The development rights to this 52 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $356,905.98 to Hunterdon County to acquire the development rights to this property.

(i) **Block 12, Lot 19 in Kingwood Township (Case Docket No. 18-01669).** The development rights to this 53 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $212,854.71 to Hunterdon County to acquire the development rights to this property.

(j) **Block 31, Lot 3 in Delaware Township (Case Docket No. 18-01721).** The development rights to this 73 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $76,701.45 to Hunterdon County to acquire the development rights to this property.

(k) **Block 5, Lots 24 & 24.01 in West Amwell Township (Case Docket 18-01672).** The development rights to this 183 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program. The SADC paid $961,548 to Hunterdon County to acquire the development rights to this property.

(l) **Block 19, Lot 37 in Delaware Township, and Lot 36 & 11 in Kingwood Township (Case Docket 18-01673).** The development rights to this 135 acre property were transferred by the property owner to Hunterdon County by a Deed of Easement, State of New Jersey, Agriculture Retention and Development Program.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
Susan E. Payne
Executive Director, SADC

Dated: 3-20-18

EXHIBIT A

Dkt. No.      Case Name

18-01684 PennEast Pipeline Company, LLC vs. 1.74 acres
18-01774 PennEast Pipeline Company, LLC vs. 0.26 acres
18-01603 PennEast Pipeline Company, LLC vs. 2.14 acres
18-01771 PennEast Pipeline Company, LLC vs. 0.88 acres
18-01699 PennEast Pipeline Company, LLC vs. 1.41 acres
18-01709 PennEast Pipeline Company, LLC vs. 2.35 acres
18-01670 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01682 PennEast Pipeline Company, LLC vs. 0.01 acres
18-01638 PennEast Pipeline Company, LLC vs. 0.57 acres
18-01701 PennEast Pipeline Company, LLC vs. 1.06 acres
18-01689 PennEast Pipeline Company, LLC vs. 1.53 acres
18-01754 PennEast Pipeline Company, LLC vs. 1.86 acres
18-01756 PennEast Pipeline Company, LLC vs. 0.73 acres
18-01668 PennEast Pipeline Company, LLC vs. 0.03 acres
18-01743 PennEast Pipeline Company, LLC vs. 1.20 acres
18-01669 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01778 PennEast Pipeline Company, LLC vs. 2.23 acres
18-01643 PennEast Pipeline Company, LLC vs. 2.11 acres
18-01721 PennEast Pipeline Company, LLC vs. 1.89 acres
18-01597 PennEast Pipeline Company, LLC vs. 1.92 acres
18-01672 PennEast Pipeline Company, LLC vs. 4.55 acres
18-01673 PennEast Pipeline Company, LLC vs. 1.93 acres