GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625
    Attorney for Defendants State of New Jersey, New Jersey Department of Environmental Protection, State Agriculture Development Committee, Delaware and Raritan Canal Commission
By:  Mark Collier (MC6192)
    Deputy Attorney General
    (609) 292-6945
    mark.collier@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNEAST PIPELINE COMPANY, LLC, | HONORABLE BRIAN R. MARTINOTTI |
| Plaintiff, | Civil Action No.: |
| v. | See Exhibit A attached hereto |
| A PERMANENT EASEMENT FOR 1.74 ACRES ± AND TEMPORARY EASEMENT FOR 2.24 ACRES ± IN HOPEWELL TOWNSHIP, MERCER COUNTY, NEW JERSEY, TAX PARCEL NO. 1106-92-2.011 | BRM-DEA |
| RENZE WEN, JERSEY CENTRAL POWER & LIGHT COMPANY, STATE OF NEW JERSEY, BY THE SECRETARY OF THE DEPARTMENT OF AGRICULTURE, STATE AGRICULTURE DEVELOPMENT COMMITTEE, THE TOWNSHIP OF HOPEWELL, FIRST CHOICE BANK; | |
| AND ALL UNKNOWN OWNERS, | |
| Defendants. | |

**CERTIFICATION OF JUDETH PICCININI YEANY, ESQ.**

Judeth Piccinini Yeany, Esq., of full age, does hereby certify as follows:

1. I am Chief of the Bureau of Legal Services and Stewardship, Green Acres Program, New Jersey Department of Environmental Protection ("NJDEP"). I have held this position for 17 years.

2. The Green Acres Program was created in 1961 to protect New Jersey's sensitive open space, vital water resources, and other significant natural and historic resources, and to develop parks for the public to enjoy.

3. Under New Jersey's Constitution, state tax dollars are set aside specifically for open space, farmland preservation and historic preservation programs on an annual basis. N.J. Const. art. VIII, § 22, ¶ 6 & 7.

4. In 1998, New Jersey voters approved a Constitutional Amendment that created New Jersey's first stable source of funding for open space, farmland, and historic preservation efforts, from a portion of the State Sales and Use Tax. N.J. Const. art. VIII, § 22, ¶ 7. This Constitutionally-dedicated money is set aside annually:

> to provide funding, including loans or grants, for the acquisition and development of lands for recreation and conservation purposes, for the preservation of farmland for agricultural or

horticultural use and production, and for historic preservation. Ibid.

5.  In 2014, New Jersey voters again chose to amend the Constitution to provide an additional source of open space and farmland preservation, this time from a portion of the State's Corporate Business Tax. N.J. Const. art. VIII, § 22, ¶ 6. This Constitutionally dedicated money is set aside annually:

> only for: providing funding, including loans or grants, for the preservation, including acquisition, development, and stewardship, of lands for recreation and conservation purposes, including lands that protect water supplies and lands that have incurred flood or storm damage or are likely to do so, or that may buffer or protect other properties from flood or storm damage; providing funding, including loans or grants, for the preservation and stewardship of land for agricultural or horticultural use and production; Id.

6.  Since 1961, New Jersey voters have expressed strong support for open space preservation in New Jersey by passing 13 successful Green Acres referendums, totaling $3.32 billion in public funding.

7.  Many municipalities and counties in New Jersey also collect open space taxes and, in 2017, generated $292 million through this funding mechansim.

8.  Through August 2017, the State of New Jersey, through the Green Acres Program and its pre-1961 preservation efforts, has helped to preserve over 657,000 acres of land in New Jersey.

These properties were acquired either on behalf of the State, through State partnerships with local governments or nonprofits which acquired the land, in part, with a distribution of Green Acres funds. When lands are acquired by a local government or nonprofit with Green Acres funds, those lands must be used solely for recreation and conservation purposes in perpetuity. This limitation is known as a "Green Acres restriction." All Green Acres-funded lands held by a local government are subject to a Green Acres restriction by statute, by regulation (N.J.A.C. 7:36-26.1 et seq.) through the contract for the funded project and, in most cases, through a Green Acres funding clause in the deed. For Green Acres-funded lands that are held by a nonprofit conservation group, the Green Acres Program requires that the nonprofit convey to the Department, and record with the County clerk, a conservation restriction that preserves the property as open space in perpetuity.

9. As a condition of providing public funding to local governments for open space preservation, the Green Acres Program also imposes a Green Acres restriction on all lands held by the local government for recreation and conservation purposes at the time it accepts the Green Acres funding. These lands are knows as "unfunded parkland."

10. Green Acres requires local governments who accept Green Acres funding to compile a Recreation and Open Space

Inventory ("ROSI"), which is a complete list of the local government's Green Acres encumbered properties (funded and unfunded). The ROSIs are then recorded in the chain of title for the listed properties through the filing of a Declaration of Encumbrance with the County clerk or recorder of deeds.

11. I am familiar with the pipeline project proposed by plaintiff, PennEast Pipeline Company, LLC ("PennEast"). The proposed PennEast pipeline route runs through many properties in New Jersey that the State, local governments, or non-profit conservation groups have preserved in perpetuity as open space or parkland through the Green Acres Program.

12. Based on the Amended Order to Show Cause dated February 15, 2018, which is returnable on April 5, 2018, a State-entity is listed as a defendant and "interest holder" in 22 condemnation actions. Based on my review of the Verified Complaints in these actions, I have determined that Green Acres restrictions exist on the seven properties listed in ¶ 14 below. In total, these seven properties consist of over 403 acres of land which were preserved in part with Green Acres funding of $1,259,961. If Green Acres approves an expected application from Mercer County for reimbursement of $332,500 for acquisition of the property identified in ¶ 14(a) below, the total Green Acres funding for the properties will be $1,592,461.

13. Green Acres has not received copies of any appraisals of these seven properties, nor has PennEast directly offered to acquire the State's property rights in these properties.

14. Recorded property restrictions that were required for Green Acres funding exist on the following seven properties:

(a) **Block 60, Lot 4.02 in Hopewell Township (Case Docket No. 18-01603).** Mercer County acquired this 88-acre parcel in 2016 as part of the Baldpate Mountain park system. Under the Declaration of Encumbrance in favor of NJDEP, the County shall not dispose of or divert the land to a use other than recreation and conservation purposes without the approval of the NJDEP Commissioner and the State House Commission.

(b) **Block 32, Lot 33 in Delaware Township (Case Docket No. 18-01699).** The NJDEP has the right to enforce a Deed of Conservation Easement on this 50 acre property. The Green Acres Program provided funds totaling $311,500 to New Jersey Conservation Foundation, a nonprofit land conservancy, to protect this property and the contiguous parcel described in (c) below in perpetuity.

(c) **Block 32, Lot 4 in Delaware Township (Case Docket No. 18-01756).** The NJDEP is the grantee of a Deed of Conservation Restriction for this 31- acre property along the Wickecheoke Creek, a high quality water resource. As noted in (b) above, the Green Acres Program provided funds totaling $311,500 to New Jersey Conservation Foundation to protect this property along with the property described in (b) above.

(d) **Block 24, Lot 14.01 in Kingwood Township (Case Docket No. 18-01638).** The NJDEP is the grantee of a Deed of Conservation Restriction for this 33- acre property. The Green Acres Program provided funding of $205,050 to Hunterdon Land Trust Alliance and Kingwood Township to protect this property in perpetuity.

(e) **Block 59, Lot 4 in Hopewell Township (Case Docket No. 18-01778).** Delaware & Raritan Greenway, Inc., a nonprofit land conservancy, has a conservation easement to preserve a 109 acre tract of land that includes Lot 4, in its natural state in perpetuity. The Green Acres Program provided funding of $443,230 to Delaware & Raritan Greenway, Inc. to protect the 109 conservation area.

(f) **Block 8, Lot 14, West Amwell Township (Case Docket No. 18-01643).** West Amwell Township acquired a conservation easement on this 61 acre parcel to protect water quality in a nearby stream. The Green Acres Program provided funding of $300,181 to the Township to preserve this property. Under the Declaration of Encumbrance in favor of NJDEP, the Township shall not dispose of or divert the land to a use other than recreation and conservation purposes without the approval of the NJDEP Commissioner and the State House Commission.

(g) **Block 59, Lot 13.01 in Hopewell Township (Case Docket No. 18-01597).** Mercer County acquired this 30 acre parcel as part of Tesauro Park. Under the Declaration of Encumbrance in favor of NJDEP, the County shall not dispose of or divert the land to a use other than recreation and conservation purposes without the approval of the NJDEP Commissioner and the State House Commission.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _/s/ Judeth Piccinini Yeany_
Judeth Piccinini Yeany

Dated: March 20, 2018

## EXHIBIT A

**Dkt. No.**     **Case Name**

```
18-01684 PennEast Pipeline Company, LLC vs. 1.74 acres
18-01774 PennEast Pipeline Company, LLC vs. 0.26 acres
18-01603 PennEast Pipeline Company, LLC vs. 2.14 acres
18-01771 PennEast Pipeline Company, LLC vs. 0.88 acres
18-01699 PennEast Pipeline Company, LLC vs. 1.41 acres
18-01709 PennEast Pipeline Company, LLC vs. 2.35 acres
18-01670 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01682 PennEast Pipeline Company, LLC vs. 0.01 acres
18-01638 PennEast Pipeline Company, LLC vs. 0.57 acres
18-01701 PennEast Pipeline Company, LLC vs. 1.06 acres
18-01689 PennEast Pipeline Company, LLC vs. 1.53 acres
18-01754 PennEast Pipeline Company, LLC vs. 1.86 acres
18-01756 PennEast Pipeline Company, LLC vs. 0.73 acres
18-01668 PennEast Pipeline Company, LLC vs. 0.03 acres
18-01743 PennEast Pipeline Company, LLC vs. 1.20 acres
18-01669 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01778 PennEast Pipeline Company, LLC vs. 2.23 acres
18-01643 PennEast Pipeline Company, LLC vs. 2.11 acres
18-01721 PennEast Pipeline Company, LLC vs. 1.89 acres
18-01597 PennEast Pipeline Company, LLC vs. 1.92 acres
18-01672 PennEast Pipeline Company, LLC vs. 4.55 acres
18-01673 PennEast Pipeline Company, LLC vs. 1.93 acres
```