GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625
    Attorney for Defendants State of New Jersey, New Jersey
    Department of Environmental Protection, State Agriculture
    Development Committee, Delaware and Raritan Canal
    Commission

By:  Mark Collier (MC6192)
    Deputy Attorney General
    (609) 292-6945
    mark.collier@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNEAST PIPELINE COMPANY, LLC, | HONORABLE BRIAN R. MARTINOTTI |
| Plaintiff, | Civil Action No.: |
| | See Exhibit A attached hereto |
| | BRM-DEA |
| v. | |
| A PERMANENT EASEMENT FOR 1.74 ACRES ± AND TEMPORARY EASEMENT FOR 2.24 ACRES ± IN HOPEWELL TOWNSHIP, MERCER COUNTY, NEW JERSEY, TAX PARCEL NO. 1106-92-2.011 | |
| RENZE WEN, JERSEY CENTRAL POWER & LIGHT COMPANY, STATE OF NEW JERSEY, BY THE SECRETARY OF THE DEPARTMENT OF AGRICULTURE, STATE AGRICULTURE DEVELOPMENT COMMITTEE, THE TOWNSHIP OF HOPEWELL, FIRST CHOICE BANK; | |
| AND ALL UNKNOWN OWNERS, | |

```
                                  :
        Defendants.    :
_____   :
```

## CERTIFICATION OF MARK COLLIER

1.    I am a Deputy Attorney General within the New Jersey Division of Law, Office of the New Jersey Attorney General in the State of New Jersey.   I have personal knowledge of the facts stated herein.

2.    As part of my duties, I have been assigned to represent the New Jersey Department of Environmental Protection, the Delaware and Raritan Canal Commission, the State Agriculture Development Committee, the Water Supply Authority, and the Department of Transportation (collectively "State" or "New Jersey") on the condemnation actions filed against State property interests by PennEast Pipeline Company, LLC ("PennEast").

4.    I make this Certification in Support of Defendant New Jersey's Opposition to Plaintiffs' Order to Show Cause submitted on March 20, 2018.

5.    Attached hereto as **Exhibit B** is a true and accurate copy of the February 2, 2018 letter David A. Apy, Assistant Attorney General, sent on behalf of the State in response to PennEast's January, 2018 letters seeking Rights-of-Way over State-owned properties.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

Mark Collier,
Deputy Attorney General

Dated: March 20, 2018

<u>EXHIBIT A</u>

<u>Dkt. No.</u>        <u>Case Name</u>

18-01684 PennEast Pipeline Company, LLC vs. 1.74 acres
18-01774 PennEast Pipeline Company, LLC vs. 0.26 acres
18-01603 PennEast Pipeline Company, LLC vs. 2.14 acres
18-01771 PennEast Pipeline Company, LLC vs. 0.88 acres
18-01699 PennEast Pipeline Company, LLC vs. 1.41 acres
18-01709 PennEast Pipeline Company, LLC vs. 2.35 acres
18-01670 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01682 PennEast Pipeline Company, LLC vs. 0.01 acres
18-01638 PennEast Pipeline Company, LLC vs. 0.57 acres
18-01701 PennEast Pipeline Company, LLC vs. 1.06 acres
18-01689 PennEast Pipeline Company, LLC vs. 1.53 acres
18-01754 PennEast Pipeline Company, LLC vs. 1.86 acres
18-01756 PennEast Pipeline Company, LLC vs. 0.73 acres
18-01668 PennEast Pipeline Company, LLC vs. 0.03 acres
18-01743 PennEast Pipeline Company, LLC vs. 1.20 acres
18-01669 PennEast Pipeline Company, LLC vs. 1.29 acres
18-01778 PennEast Pipeline Company, LLC vs. 2.23 acres
18-01643 PennEast Pipeline Company, LLC vs. 2.11 acres
18-01721 PennEast Pipeline Company, LLC vs. 1.89 acres
18-01597 PennEast Pipeline Company, LLC vs. 1.92 acres
18-01672 PennEast Pipeline Company, LLC vs. 4.55 acres
18-01673 PennEast Pipeline Company, LLC vs. 1.93 acres

# EXHIBIT B



*State of New Jersey*

OFFICE OF THE ATTORNEY GENERAL

DEPARTMENT OF LAW AND PUBLIC SAFETY

DIVISION OF LAW

25 MARKET STREET

PO Box 093

TRENTON, NJ 08625-0093

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Acting Director*

February 2, 2018

FOR SETTLEMENT PURPOSES ONLY

**VIA EMAIL (jengland@ugies.com) AND OVERNIGHT MAIL**
Jeffrey D. England
Project Manager
PennEast Pipeline Project
One Meridian Boulevard, Suite 2C01
Wyomissing, PA 19610

        Re:  Easement Acquisition Offer, PennEast
             Pipeline Project

Dear Mr. England:

        This office represents the State of New Jersey's Department of Environmental Protection, the New Jersey Water Supply Authority, the New Jersey Natural Lands Trust, the Department of Agriculture[1], and the Department of Transportation (hereinafter collectively referred to as "the State") in connection with the letters you sent on January 20, 2018,[2] requesting that the State

_____

[1] Regarding the farm properties in which the State Agricultural Development Committee (SADC) holds a property interest, the property owners lack the legal authority to enter into a binding financial settlement with PennEast to purchase any right-of-way since the properties are subject to the State of New Jersey Farmland Preservation Program's deed of easement (DOE). Since N.J.S.A. 4:1C-32.a prohibits the voluntary reconveyance of the easement, any future acquisition of the ROW rights PennEast seeks may only be acquired through the use of eminent domain proceedings in which the SADC and the DOE Grantees are parties.

[2] The State also received letters dated January 22, 2018, and a letter with a February 18, 2018, deadline. As the majority of the letters were dated January 20, 2018, with a February 5, 2018, response deadline, this letter uses those dates. Every reference to the January 20, 2018, letters also includes the January 22, 2018, letters the concern regarding the time to consider the offer is not

February 2, 2018
Page 2

sign the proposed Right-of-Way necessary for construction of the PennEast Pipeline Project and accept the offered compensation.

The State cannot accept PennEast's offers and sign the Right-of-Way because the Certificate of Public Convenience and Necessity is still subject to legal challenge and PennEast has not provided sufficient information regarding the bases for the offers and the terms contained in the proposed Right-of-Way, some of which are ambiguous or contrary to law. Moreover, by unilaterally setting a February 5, 2018, deadline to accept the offers, PennEast has not provided a reasonable period of time for our clients to consider the offers, obtain necessary information not provided by PennEast, or engage in meaningful negotiations.

In addition to the foregoing, the January 20, 2018, letter is patently misleading. In the letter, PennEast claims that it has "attempted on multiple occasions to negotiate an easement agreement" for the Project. This statement is not true. Prior to receipt of the January 20, 2018, letter, the State has not received any communications from PennEast describing the specific property rights it seeks, offering any compensation, or seeking to negotiate.[3] For example, although the Water Supply Authority was copied on letters dated May 5 and July 6, 2016, to Hunterdon Land Trust Alliance wherein PennEast asked the Hunterdon Land Trust Alliance to consider using the Green Acres diversion process, neither letter contained an offer of monetary compensation, the proposed Right-of-Way that PennEast wants the State to sign, or a request to engage in negotiations. Moreover, PennEast's "take it or leave it" position as its opening offer is contrary to the spirit of fairness in dealing with a property owner that imbues good faith negotiations required in any condemnation matter. County of Morris v. Weiner, 222 N.J. Super. 560 (App. Div. 1988). Accordingly, it is the State's position that PennEast has not made an attempt to negotiate with the State at all, much less in good faith.

The State needs to obtain the information set forth on attached Schedule A in order to engage in any discussions with PennEast. However, based upon our preliminary review of the

---

ameliorated by the extra 13 days given in the letter with the February 18, 2018, deadline.
[3] The State acknowledges that the Department of Transportation (DOT) received an appraisal for the Right-of-Way being sought on DOT's property.

February 2, 2018
Page 3

proposed Right-of-Way there are numerous vague terms (such as multiple and undefined references to "reasonable" time or notice in Paragraphs 3 and 6, and unclear rights in Paragraph 4) and other terms which cannot be accepted by the State as a matter of law.  For example, the following paragraphs are unacceptable as drafted:

- Paragraph 6 allowing PennEast to modify the route without any input or comment by the State is contrary to the State's obligations to its citizens.

- Paragraph 11 requiring the State to indemnify PennEast is contrary to law since the State legally cannot indemnify a private party in these circumstances.

- Paragraph 15 allowing PennEast to terminate all responsibilities or liabilities by assigning their rights to an undisclosed third party without the consent of the State is not reasonable.

- Paragraph 17 requiring the State to assist PennEast in obtaining all governmental approvals cannot apply because the State cannot contract away its regulatory authority.

- Paragraph 22 requiring that the Right-of-Way to be kept confidential is contrary to public policy and the Open Public Records Act and cannot be agreed to by the State.

These are some of the deficiencies contained within the proposed Right-of-Way and the State reserves the right to negotiate all of the terms of the Right-of-Way upon receipt of the requested information.

February 2, 2018
Page 4

If PennEast does not intend to provide the requested information or you have any questions, please let us know. We look forward to hearing from you.

Sincerely yours,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: _____
David C. Apy
Assistant Attorney General

Cc:  Jane Engel, Department of Environmental Protection
     Robin Madden, Department of Environmental Protection
     Judeth Yeaney, Department of Environmental Protection
     Susan Payne, Department of Agriculture
     Jay Jimenez, Department of Transportation
     Vanessa Holman, Department of Transportation

**Schedule A**

State requests pertaining to Right-of-Way ("ROW") provisions

| ROW Paragraph | Substance of Paragraph | State request or notation |
|---|---|---|
| 2(a) | Purchase price listed | Provide documentation supporting offer. |
| 2(a)(i)(x) | Purchase price based, in part, on "consideration of the route of the pipeline(s) and other factors" | Please explain what the "other factors" referenced here are and how the "consideration of the route" and the "other factors" relates to the January 19, 2018 Certificate of Public Convenience and Need ("CPCN"). |
| 2(b) | Damage amount listed | Provide documentation supporting damages amount, including the types of damages anticipated and which actions PennEast undertakes which are anticipated to cause damages. |
| 3 | Cites "reasonable notice" to the Grantor | Please define "reasonable notice," including but not limited to the means of notice, timing, and who will receive notice. |
| 4 | Enumeration of rights acquired in ROW. | Please explain how each of the specific rights acquired in Paragraphs 4(a), (b), and (f) relates to the construction of the Pipeline Project as authorized by FERC in the CPCN. |
| 6 | Map for permanent ROW. | Please explain what "reasonably modify the path of the Right-of-Way" means and whether such modifications would be under Grantee's sole discretion. |
| 11 | Grantor indemnifies Grantee | The State cannot indemnify a private entity.  This provision must be deleted. |
| 15 | Allows the Grantee to assign, transfer or convey the ROW without Grantor's consent. | This language is unacceptable.  The State requires the ability to withhold consent of any assignments and, further, that the assignment does not terminate PennEast's responsibilities or liabilities. |
| 17 | Grantor will cooperate with Grantee | The second sentence must be deleted, as the State is itself a permitting entity. |
| 22 | ROW will be confidential | This provision is contrary to public policy and numerous "Sunshine" laws which require transparency in good governance. This entire provision must be deleted. |